# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# EL PASO DIVISION

| | |
|---|---|
| MICHAEL ARCHULETA o/b/o, ) <br> RITA ARCHULETA, deceased, ) <br>       Plaintiff, ) <br> ) <br> v. ) <br> ) <br> MICHAEL J. ASTRUE, ) <br> Commissioner of the Social ) <br> Security Administration, ) <br>       Defendant. ) | NO. EP-10-CV-00194-RFC <br> (by consent) |

## MEMORANDUM OPINION AND ORDER

This is a civil action seeking judicial review of an administrative decision. On behalf of Rita Archuleta, deceased (Plaintiff), Michael Archuleta appeals from the decision of the Commissioner of the Social Security Administration (Commissioner), denying her claim for disability insurance benefits and supplemental security income under Titles II and XVI of the Social Security Act, 42 U.S.C. §§ 416(i), 423, 1382c(a)(3). Jurisdiction is predicated upon 42 U.S.C. § 405(g). Both parties having consented to trial on the merits before a United States Magistrate Judge; the case was transferred to this Court for trial and entry of judgment pursuant to 28 U.S.C. § 636(c) and Appendix C to the Local Court Rules of the Western District of Texas. For the reasons set forth below, this Court orders that the Commissioner's decision be **AFFIRMED**.

## PROCEDURAL HISTORY

On November 28, 2006, Plaintiff filed her applications for benefits alleging disability due to impairments that became disabling on April 1, 2006. (R:100, 108)¹ The applications were denied

---

¹ Reference to documents filed in this case is designated by "(Doc. [docket entry number(s)]:[page number(s)])". Reference to the transcript of the record of administrative

initially and on reconsideration. (R:45-58) Pursuant to Plaintiff's request, an Administrative Law Judge (ALJ) held a hearing to review her applications *de novo* on September 24, 2008, at which both Plaintiff and a vocational expert testified. (R:18-44) The ALJ issued her decision on December 29, 2008, denying benefits at step four of the sequential evaluation process. (R:9-17) Plaintiff's request for review was denied by the Appeals Council on February 24, 2010. (R:3-7) Plaintiff died on March 26, 2010. (Doc. 24:2, Exh. A)

On May 25, 2010, Plaintiff's complaint was submitted. (Doc. 1) The Commissioner filed an answer on September 2, 2010, and a certified copy of the transcript of the administrative proceedings was received on September 3, 2010. (Docs. 11, 13) On December 8, 2010, Plaintiff's brief was filed. (Doc. 24) On January 5, 2011, the Commissioner filed his brief in support of the decision to deny benefits. (Doc. 25)[2]

## ISSUE

Plaintiff claims that the ALJ's finding that Plaintiff can perform her past relevant work is the result of legal error and not supported by substantial evidence. (Doc. 24).

---

proceedings filed in this case is designated by "(R:[page number(s)])".

[2] This cause was initially referred by United States District Court Judge Kathleen Cardone to then Magistrate Judge Michael S. McDonald, and then transferred and reassigned to then Magistrate Judge Margaret F. Leachman. (Docs. 7, 15) It was then reassigned to Magistrate Judge Norbert J. Garney. (Doc. 18) Finally, it was reassigned to this Court on April 4, 2011. (Doc. 26) The parties were ordered to file a new notice of consent or non-consent to Magistrate Judge jurisdiction on April 7, 2011, and both parties entered notices consenting to this Court deciding the appeal. (Docs. 27-29)

## DISCUSSION

### A. Standard of Review

This Court's review is limited to a determination of whether the Commissioner's final decision is supported by substantial evidence on the record as a whole and whether the Commissioner applied the proper legal standards in evaluating the evidence. *See Martinez v. Chater*, 64 F.3d 172, 173 (5th Cir. 1995); *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994), *cert. denied*, 514 U.S. 1120, 115 S.Ct. 1984 (1995). Substantial evidence is more than a scintilla, but can be less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995). A finding of no substantial evidence will be made only where there is a "conspicuous absence of credible choices" or "no contrary medical evidence." *Abshire v. Bowen*, 848 F.2d 638, 640 (5th Cir. 1988) (citing *Hames v. Heckler*, 707 F.2d 162, 164 (5th Cir. 1983)). In reviewing the substantiality of the evidence, the Court must consider the record as a whole and "must take into account whatever in the record fairly detracts from its weight." *Singletary v. Bowen*, 798 F.2d 818, 823 (5th Cir. 1986).

If the Commissioner's findings are supported by substantial evidence, they are conclusive and must be affirmed. *Martinez*, 64 F.3d at 173. In applying the substantial-evidence standard, the Court must carefully examine the entire record, but may not re-weigh the evidence or try the issues *de novo*. *Haywood v. Sullivan*, 888 F.2d 1463, 1466 (5th Cir. 1989). It may not substitute its own judgment "even if the evidence preponderates against the [Commissioner's] decision," because substantial evidence is less than a preponderance. *Harrell v. Bowen*, 862 F.2d 471, 475 (5th Cir. 1988). Conflicts in the evidence are for the Commissioner, and not the courts, to resolve. *Spellman v. Shalala*, 1 F.3d 357, 360 (5th Cir. 1993).

B.  *Evaluation Process*

Disability is defined as the "inability to engage in substantial gainful activity by reason of any medically determinable physical or mental impairment which. . . has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The ALJ evaluates disability claims according to a sequential five-step process: 1) whether the claimant is currently engaged in substantial gainful activity; 2) whether the claimant has a medically determinable impairment that is severe; 3) whether the claimant's impairment(s) meet or equal the severity of an impairment listed in 20 C.F.R. Part 404, Subpart B, Appendix 1; 4) whether the impairment prevents the claimant from performing past relevant work; and 5) whether the impairment prevents the claimant from doing any other work. 20 C.F.R. § 404.1520. A person's residual functional capacity ("RFC") is what she can still do despite her limitations or impairments. 20 C.F.R. § 404.1545(a); SSR 96-8p.

An individual applying for benefits bears the initial burden of proving that she is disabled for purposes of the Act. *Selders v. Sullivan*, 914 F.2d 614, 618 (5th Cir. 1990). The claimant bears the burden of proof on the first four steps, and once met, the burden shifts to the Commissioner to show that there is other substantial gainful employment available that the claimant is capable of performing. *Bowen v. Yuckert*, 482 U.S. 137, 146 n. 5, 107 S.Ct. 2287, 2294 n. 5 (1987); *Anderson v. Sullivan*, 887 F.2d 630, 632 (5th Cir. 1989).

C.  *The ALJ's Decision*

First, the ALJ found that Plaintiff met the insured status requirements through September 30, 2009. (R:14) Next, she found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date of April 1, 2006. (*Id.*) At the second step, the ALJ found that Plaintiff had

severe impairments of "obesity, Degenerative Disc Disease of the lumbar spine, scoliosis of the spine, and occult spina bifida." (*Id*.) The ALJ determined that Plaintiff's alleged depression was not a medically determinable impairment because she had not seen a physician nor sought or received any treatment for it. (*Id*.)

At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments meeting or medically equaling one of the listed impairments. (R:15)

The ALJ found that Plaintiff had the RFC to perform light work. (R:15-16) She could: lift and carry no more than twenty (20) pounds occasionally and no more than ten (10) pounds frequently; sit and stand and/or walk for no more than six hours, with normal breaks, out of an 8-hour work day; could push and pull with both upper and lower extremities in a manner consistent with the strength limitations just stated; can never climb ropes, ladders, and scaffolds or balance; and can occasionally climb ramps and stairs, stoop, kneel, crouch, and crawl. (R:15)

Based on the RFC assessed and on the testimony of the vocational expert, the ALJ found at step four that Plaintiff was capable of performing her past relevant work as a retail sales clerk as it is generally performed. (R:16-17) The ALJ concluded that Plaintiff had not been under a disability as defined in the Social Security Act from April 1, 2006, to the date of the ALJ's decision. (R:17)

**D.     *Analysis***

Plaintiff claims that the testimony provided by the vocational expert does not provide substantial support for the ALJ's step-four determination because the hypothetical question posed to the expert did not contain all of the limitations stated in the RFC assessed by the ALJ. (Doc. 24:3-5) The Commissioner counters that any discrepancy between the ALJ's RFC assessment and his hypothetical question was harmless. (Doc. 25:5-6)

An ALJ must compare a plaintiff's RFC with the physical and mental demands of the prior relevant work to find that the plaintiff is not disabled at step four. *Latham v. Shalala*, 36 F.3d 482, 484 (5th Cir. 1994). For a vocational expert's testimony to provide substantial evidence to support the ALJ's disability determination, the expert's testimony must respond to a hypothetical question including all limitations supported by the record. *See Bowling v. Shalala*, 36 F.3d 431, 436 (5th Cir. 1994) (addressing a step-five denial). Reliance on an expert's response to an erroneous hypothetical question, however, is subject to harmless-error analysis; the court will not reverse an ALJ's decision for lack of substantial evidence where the plaintiff makes no showing of prejudice resulting from the deficiencies alleged. *Brock v. Chater*, 84 F.3d 726, 729 (5th Cir. 1996).

In relevant part, the ALJ determined that Plaintiff could never climb ropes, ladders, and scaffolds, could climb ramps and stairs occasionally, and could never balance. (R:15) However, the hypothetical question presented to the vocational expert asked whether a person who can perform the lifting, carrying, walking and standing requirements of light work, limited by the ability to occasionally climb ropes, ladders, ramps and stairs, and occasionally balance, stoop, kneel, crouch and crawl could perform Plaintiff's past relevant work. (R:38-40)

The vocational expert testified that a person with such limitations could perform Plaintiff's prior relevant work as a retail sales clerk at the nursery, classified in the Dictionary of Occupational Titles ("DOT") as light work with an Specific Vocational Preparation ("SVP") of 4, making it semiskilled. (R:36-37) Although the expert did not state the DOT number of such position, the Commissioner cites to DOT 272.357-022 titled salesperson, horticultural and nursery products, and Plaintiff has not contested this identification. (Doc. 25:3) The DOT indicates that this position, as

it is generally performed in the national economy, does not require climbing, crouching, crawling, or balancing. DOT 272.357-022.

Social Security Ruling 96-9P explains that in the United States Department of Labor's Selected Characteristics of Occupations ("SCO") Defined in the DOT, "'balancing' means maintaining body equilibrium to prevent falling when walking, standing, crouching, or running on narrow, slippery, or erratically moving surfaces." SSR 96-9P at 7. The Ruling continues:

> If an individual is limited in balancing only on narrow, slippery, or erratically moving surfaces, this would not by itself, result in a significant erosion of the unskilled, sedentary occupational base. However, if an individual is limited in balancing even when standing or walking on level terrain, there may be a significant erosion of the unskilled sedentary occupational base. It is important to state in the RFC assessment what is meant by limited balancing in order to determine the remaining occupational base. Consultation with a vocational resource may be appropriate in some cases.

*Id*. Rulings 85-15 and 96-9P indicate vocational expert testimony may be necessary where Plaintiff is found to retain the ability to perform the standing and walking requirements of light work but found to have limited balancing. SSR 85-15, 96-9P.

Plaintiff argues that the ALJ's finding that Plaintiff could *never* balance, and not that she could perform only *limited* balancing, indicates that Plaintiff is unable to balance even on level terrain that is not narrow, slippery, or erratically moving, such that expert testimony regarding such limitation was necessary in order for there to be substantial evidence supporting a step-four determination. (Doc. 24:5) The ALJ's finding that Plaintiff can stand and walk for up to six hours in an eight hour day with normal breaks and can occasionally climb ramps and stairs and stoop, kneel, and crouch, all of which require maintaining body equilibrium while doing so, however, undermines Plaintiff's interpretation of the ALJ's balancing limitation. (R:15; Doc. 24:4); SSR 85-15 ("Usual every day activities, both at home and at work, include ascending or descending ramps

7

or a few stairs and maintaining body equilibrium while doing so.") Nothing in the record supports including an inability to balance on level terrain that is not narrow, slippery, or erratically moving. Plaintiff has not alleged that her prior relevant work as actually performed required walking, standing, crouching, or running on narrow, slippery, or erratically moving surfaces. Further, Plaintiff's prior relevant work as generally performed in the national economy does not require any walking, standing, crouching, or running on narrow, slippery, or erratically moving surfaces. DOT 272.357-022 (balancing not present). Plaintiff has failed to demonstrate any harm resulting from the discrepancies between the ALJ's RFC assessment and the hypothetical question posed to the vocational expert.

Additionally, viewing the record as a whole, the ALJ's determination is supported by substantial evidence. After a consultative examination, Dr. Jose Barahona, M.D., reported that Plaintiff "was able to squat, bend, and walk on heels and toes without difficulty." (R:16, 191) Having reviewed Plaintiff's records, Frederick Cremona, M.D., found that Plaintiff could never climb ladders/ropes/scaffolds, could occasionally climb ramps/stairs and stoop and crouch, and could frequently balance, kneel, and crawl. (R:199, 204) Plaintiff reported that her daily activities included helping her aunt cook and clean. (R:16, 128) Finally, Plaintiff stated that she had stopped working, not due to her alleged impairments, but because she was laid off. (R:16; 121)

Plaintiff has failed to demonstrate reversible error and the ALJ's determination is supported by substantial evidence. Neither reversal nor remand is warranted. Plaintiff's claim fails.

## CONCLUSION

The Court concludes that any discrepancies between the ALJ's RFC and the hypothetical question posed to the vocational expert was harmless and the ALJ's decision is supported by substantial evidence. Based on the foregoing, it is hereby **ORDERED** that the Commissioner's determination be **AFFIRMED**.

**SIGNED** and **ENTERED** on August 22, 2011.

_____
ROBERT F. CASTANEDA
UNITED STATES MAGISTRATE JUDGE